in the third case of the day, Carrera v. E.M.D. Sales. We'll hear from Mr. Garcia. Good morning, Your Honors, and may it please the Court, Eduardo Garcia, on behalf of the appellants and cross-appellees, E.M.D. Sales Inc. and Alda DeVarie. There are three topics that I will be covering during my initial argument. The first is that the District Court erred in applying the clear and convincing evidence standard to an exemption of the FLSA. The second is that the Court erred in finding that the CEO's-slash-owner's lack of knowledge of an employee's responsibilities is dispositive for the liquidated damages analysis. And third, I'll be addressing the cross-appellant's argument that the Court erred in finding that the violations were not willful. So, we begin with the clear and convincing evidence standard and its application by the District Court. The first part of that argument focuses on our contention that this Court never appropriately adopted the clear and convincing evidence standard. Can I ask what work the word appropriately is doing in that sentence? I mean, we adopted it. We said it was our holding, and I believe there was a case where we were required to clarify, like, that means we adopted it, it's our holding, and one panel is down by it. Sure, yeah. So, what was inappropriate about what happened? Yeah, if you look back at the case law regarding this issue, Your Honor, Clark v. J.M. Benson is where this all traces back to. And in that case, this Court did not find that the clear and convincing evidence standard applied. What the Court did state was that the employer bears the burden of proof, and that was its holding. In that case... So, as I understand it, on this first point, your argument is, yes, it is a holding of the Fourth Circuit that we apply the clear and convincing standard, but when we held that, we were wrong. It's not that the Court was wrong, it's that the Court misunderstood the precedent it was looking at. Respectfully, Your Honor. But here we are. You do understand, right, that here we are, and as we did clarify in Desmond, right or not, that's the law of this Circuit as of now. Yes, but it is important to understand the background of how this Court got to here, which is that J.M. Benson relied on the Donovan case, which said clear and affirmative evidence. Okay, I guess you could just posit for purposes of this argument that I am completely convinced that we are totally wrong, that clear and convincing is absolutely the wrong legal standard. So you don't have to try to convince me of it. And I think you actually do, and the Seventh Circuit does a nice job of explaining how this mistake happened, and it's completely wrong, and it's a complete misreading of a Supreme Court decision. Let's posit I agree with all of those things. Okay. What can I do about that? I mean, I guess... Given what just Judge Harris asked you, like, and maybe we could have said the first time we said it was dicta, even though we actually applied it, but then we literally, I guess, but then we had a Case 2, and Case 2 is like, what is the holding of Case 1? And Case 2 says, the holding of Case 1 is X, and we don't have the authority to depart from it. So now, aren't we not only bound by the holding of Case 1, but also the holding of Case 2, which says the holding of Case 1 is X? So, two answers to that question. First, Your Honor, to the extent that the mistake was made, and we should move on from the mistake and adopt the correct standard, that should be applied in these cases. And that's why it's important to figure out first, did this Court erroneously go backwards? That's the first route that this Court could take in saying this panel has authority. The second... That is not a route we can take. I know you're about to get to your second route, but I am perplexed as to why you're sticking on your first. That is actually not a route that is available to us as one panel of the Fourth Circuit. We cannot go back and say Desmond was incorrect. So, we're just going to come out differently today. Okay. Well, understood, Your Honor. So, I'll move to the second point, which I think makes the whole issue kind of moot on whether the Court was wrong in the first place. There was an intervening Supreme Court case, which automatically gives you guys the ability to deal with the issue. So, let's focus on that actual case, and what it said, and why it changed it, and then also look back at the other cases and this Court's own rationale to understand why that Supreme Court changed everything, and there is no need for the clear and convincing evidence standard. So, that case is Encino Motor Cars, LLC. And in that case, the Supreme Court focused on what other courts had mistakenly been looking at, and in fact, we would argue this Court was one of those courts, in focusing on the idea that the employers bear a higher or heightened burden, such as the clear and convincing evidence standard, when it comes to the exemptions. In Encino, the Supreme Court told us that the Ninth Circuit was erroneous in relying on the principle of narrowly construed against the employer. It emphatically stated, we reject this principle as a useful guidepost for interpreting the FLSA. So, now we have the Supreme Court affirmatively, undoubtedly telling us that doesn't apply. Walling and Benkonowski, which are the bases of where the courts relied on the Supreme Court's prior precedent to put a heightened standard on employers, those do not apply. The Supreme Court further says, there's no narrow construction. Exemptions are entitled to a fair reading, and they are treated as much a part of the FLSA as the overtime pay requirement. That's a holding about statutory construction. It's not a holding that bears the burden of proof. Well, Your Honor, that is the concept that the court is talking about, but it does go further than that, because it says, again, we reject this principle as a useful guidepost for interpreting the FLSA. The principle is a principle of statutory construction, like the principle that waivers of sovereign immunity should be construed narrowly, or criminal statutes should be construed in favor of the defendant. So, maybe that's to take these up. The rule of lenity is a principle of construing criminal statutes. It does not tell me who has the burden of proof at a criminal trial or what that burden of proof is. And, Your Honor, it is generally spot on with your analysis about understanding the principles of textual construction. The one differentiator that I would say is, in fact, that the courts, including this one, have relied on those principles of statutory construction, such as the narrowly construed doctrine, such as the plainly and unmistakably doctrine, such as the clear and affirmative doctrine, in order to come up with the clear and convincing evidence. And what's instructive is to look at what other circuits have done. Well, can I stop you on that one? Yes, Your Honor. Because before Encino, there were a couple of circuits that were not applying clear and convincing. They were applying preponderance, but they were applying the narrow construction rule, which was the rule until Encino, and they have explained to us why those are two very different things. Well, first, it is important to note what the other circuits are doing. The Eleventh Circuit started all this in 1991, applying preponderance to exceptions as the burden. That was in DIBOC, the State of Florida Department of Corrections. Then we went to the Second Circuit, the Fifth Circuit, the Sixth Circuit, the Seventh Circuit, and the Tenth Circuit. All affirmatively apply preponderance of the evidence. Ye and Letterman are the two that this Court should particularly focus on because Ye goes into the analysis of how this all got garbled up and all the discussion of clear and affirmative evidence and the discussion of Plano unmistakably led to some people believing that it was a heightened standard, which was erroneous. And Letterman overturns, in the Tenth Circuit, Donovan v. United Video, which is the one this Court initially relied on in J.M. Benson for the clear and affirmative standard. And in that case, it states, in sum then, just as some courts have mistakenly viewed clear and affirmative evidence as a heightened evidentiary standard, the same is true with the phrase Plano unmistakably. They do not establish a heightened evidentiary requirement on employers seeking to prove an FLSA. The jury should have been instructed to consider the evidence under the preponderance standard. Can I ask you a question, Counsel? Yes, Your Honor. So, I do think that, like, some of this case comes down to, you know, how do we know when the Supreme Court has kind of implicitly superseded one of our precedents? So we have this precedent saying clear and convincing, which, at least for current purposes, let's assume that we are, as in one panel of the Fourth Circuit, bound by Desmond. So we have that. You're not disputing or argue that we could go forward from Encino and both apply Encino's rule of statutory construction. We do not, you know, construe the exemptions narrowly. We just give them a fair reading. And also apply the clear and convincing standard, evidentiary standard. That is practically possible. Those are two different things. I do not believe those are two different things. How are those not two different things? Our standard of review, we apply a mixed standard of review in these cases. We review the legal question of what the exemption means de novo. And then we consider the factual question. Who has shown what about whether they fall within the exemption? So construed, we say that is a different question and we review that for clear error. Sure. So first, there is no basis in the FLSA to apply a heightened burden on the employee. Okay, that is a different question from what I'm asking you. I am just asking you as a two things are true. As a matter of statutory construction, we apply the fair reading test from Encino. And when we measure evidentiary burdens, we apply the clear and convincing standard. As a practical matter, those two things are not in conflict. There has to be a basis though, Your Honor, for applying the clear and convincing standard. I understand. I totally understand. And that is the next question I want to ask you. But can you answer my first question? We can do both. It is not untenable to have those two rules coexist. As long as there is a basis for applying a heightened burden requirement. Okay. So your argument is not that it is untenable in that practical way. You think Encino makes it impossible to justify the clear and convincing half of that. Yes, Your Honor. Okay. And that has to be sort of clear enough, like we say this in our cases about when we have been superseded by the Supreme Court. Like it really has to be untenable. It is not enough that starting from today, with the benefit of Encino, I might never have been convinced that the Supreme Court has implicitly told us stop doing that. They have. We reject this principle as a useful guidepost for interpreting the FLSA. Reject principle? What principle are you talking about? The principle of narrowly construing the FLSA. It doesn't speak to evidentiary burdens. Respectfully. The district court brought that out. Did he mention this preponderance standard? Did he? It did not, Your Honor. But this is the only rationale. It may be the only rationale, but we are directly on point with precedent from this court that tells us what that standard is. But to apply that standard, we then look to see if we can use the Encino narrow approach to these cases. It doesn't exclude it. In other words, as you said, it doesn't make it untenable. It makes it maybe uncomfortable. You don't feel comfortable with it a whole bit, but we have precedent on point. It has removed any foundation upon this court could rest in order to maintain the clear and convincing evidence standard. Let me ask you, at the end of the day, you must feel pretty confident you do not prevail by using that standard as opposed to preponderance. Is that correct? We did not prevail. This went to trial. That's what I mean. So you must think if you don't get that other standard, you couldn't prevail. We didn't prevail. It's not a hypothetical. But we don't know whether we would prevail under the preponderance standard. I understand you did. Many times when people come here, that's why they're here on your position, because you didn't prevail. Sure. The question is, do you think you should have prevailed even using that standard? We have not appealed that issue, Your Honor. Okay. But that's... You get my point? You say we didn't prevail, therefore we couldn't prevail on it. That's what we hear up here when people sit in your position. You didn't win below. You didn't prevail below, so now you argue you should have prevailed. But you're telling me you have not even questioned as to whether, if you apply that standard, you don't prevail. I understand that question, Your Honor. Yeah. But we're not trying to overturn. That would be an entirely different standard that we're not here. All we're saying is Encino did away with any foundation that this Court could have used, explicitly, implicitly, in any way, if this Court looks back and tries to justify clear and convincing evidence as a heightened standard against employers, there simply isn't anything left. Ben Kanowski is out. Walling is out. And so that's where we are. I would briefly like to note that, again, I think Letterman makes this clear. He makes this clear on the employer's lack of knowledge being dispositive for the good faith issue. The employees heavily rely on Martin v. Cooper. I would tell this Court that Brooks v. Village of Ridgefield completely said that that was the same Third Circuit, that there are situations in which the employer can have no knowledge and have presented enough evidence of good faith and reasonable grounds in situations where they retain a lawyer, they negotiate with the union, and which they correctly rely on the assistance of counsel. And I'll get back to some of this in my rebuttal time. Thank you, Your Honors. Thank you, Mr. Garcia. We'll hear from Mr. Leahy. Did I get that right? Yes, Your Honor. Good morning, Your Honors. My name is Omar Malahi, and I represent the appellees and cross-appellants here. I'm going to start with the willfulness issue here. The District Court made an error of law when it found that the violations were non-willful for three reasons. It did not correctly apply the applicable legal standard, it failed to make necessary predicate factual findings, and it ignored key undisputed facts that should have been part of the analysis. The court should have made a finding on EMD's level of knowledge of FALSA, because the reckless standard, which is the one that we are discussing now, requires that EMD have some knowledge of FALSA. Knowing it's in the picture we know isn't enough. But once you get beyond that to specific knowledge of FALSA, that is a material fact which has a bearing on whether the employer is then obligated to inquire further. So in this case, the trial court made no findings on that issue and should have. The record showed that the CEO had extensive knowledge of FALSA. Here, as it applied to but knew about the exemption, even indicated at one point she looked at some DOL checklists. So you're saying knowledge of FALSA, add that to the failure to take these reasonable steps to ensure compliance, that is willfulness? Yes, Your Honor. What about Richland Shoot? Seems to me it said something a little different. Well, Richland Shoe made no finding, one way or the other, on whether the facts in that case met the requirements of willful or not. It remanded it to the court because the court applied the wrong standard. It's also important to note, Your Honor, that McLaughlin versus specifically the standard in TWA versus Thurston, which was an ADA case, but it was the same willful issue. There's also a regulation promulgated by DOL, which is 29 CFR 578.3. And there's also the Chow case from this court. All of those indicate that when you're talking about the reckless standard, the first step is to determine the level of knowledge that the employer had of FALSA requirements. And then the next step is to determine whether they took action. So once you get to this level of knowledge is like a continuum. We know from Richland Shoe, knowing it's in the picture is not enough. But you get to a certain level of knowledge and you don't do anything that is willful. And here in this case, not only did the CEO know all about FALSA, but the CEO reviewed and approved a handbook dated September 2014. And there was some evidence that that handbook had been previously drafted, and that was just a later version. That handbook said, We are going to determine for our employees, and many of them were sales representatives, whether or not they're exempt. And we determine that by looking at the duties. So that's an admission. That's an undisputed fact. And as the district court found, the employer took no steps whatsoever to ascertain the duties and responsibilities that the sales reps were executing every day and failed to make any determination on when, if ever, they made actual sales. So that meets the willfulness standard as a matter of law. And that's what I'm asking that this court rule. Because of this knowledge, because EMD clearly knew it had to look at the duties, and EMD failed to do so with a specific high level of knowledge of FALSA. And there's another issue, and that is that the district court failed to make any findings about complaints. Mr. Faustino Sanchez Carrera, one of the plaintiffs in this case, testified that three to five times he complained to Freddie Rincon, who was director of sales and a key account manager, about the failure to pay overtime. And Mr. Rincon never testified. So that testimony was unrefuted. He also testified that he talked to the CEO directly about not getting overtime at a meeting. Now that is disputed. The CEO denied that. But the court made no findings on that. And that's complaints. And that's a key material fact on the willfulness calculus. The next issue that I would like to address, unless the court has any questions on the willfulness issue, is the good faith. I'm going to be very brief. For the same reasons, the court was correct in finding that the appellants did not meet their burden of proving good faith or reasonable grounds for believing they were complying with the law. And it's really the same reasons. The CEO knew about FALSA. Her own handbook required her to look at the duties. She did absolutely nothing. And that is not something the other side is disputing, that there was no investigation. So that part of the court's ruling should be upheld. As far as the clear and convincing evidence issue is concerned, I only have one thing to add, unless the court has questions. And that is, the appellees introduced a lot of evidence on this point. And the appellants introduced very little. But the exemption was not satisfied, did not even come close to meeting the preponderance standard. Well, can I ask you about that? I searched, and I will confess in vain, for anything the district court said that could be plausibly construed as, even under the preponderance standard, you win. Do you agree? We get sentencing appeals where district courts say, even if I made a mistake about this, I would still do the same thing. Do you agree the district court here never said, under the preponderance standard, I would reach the same result? I read the opinion again last night, just to make sure, and you're right. But yeah, but still, this court can uphold the ruling if there is sufficient evidence. Not if there's sufficient evidence. I'm sorry, if there's insufficient. Well, I mean, I think we have a very strong presumption that if the district court by the wrong evidentiary standard, we send it back, unless I think it is something like it is unmistakable from the record. That like it had, this has to be, it's the only way you could read the record. I have to say, in a case like this, where there's like an actual, you know, pretty charged dispute on this factual question about whether these people are actually making sales or not, and the district court, you know, is hearing contrary testimony on that point, weighs the evidence and says, well, there's not clear and convincing evidence that they are. This seems like a tough case for you, that if the district court applied the wrong standard, we could resolve that factual question ourselves, say that it is unmistakable on this record. Well, Your Honor, respectfully, I disagree. I mean, there was very little, if any, evidence that they were making sales as a primary duty. It just wasn't there. Well, but, well, I don't want to, can I just, the fact that this is where you're focusing, do you have an argument for why after Encino there is some legal justification for applying the clear and convincing standard? And I want to ask the question this way. I mean, Encino, I understand your argument. These are two different questions, evidentiary burdens, statutory construction. But Encino does say that there's, you don't give priority. There's no textual basis for giving priority to the coverage mandate as opposed to the exemptions. And in light of that, what is the justification for moving away from the default preponderance of the evidence standard, which allocates the risk of error equally between the parties? How is that not sort of compelled by Encino's reasoning, which says treat the exemptions and the coverage mandate equally? Your Honor, I'm into my rebuttal time, and I may have permission to answer. I'm not sure you're into your rebuttal time. Is he into his rebuttal time? I'm sorry. I misunderstood. I'm very sorry. Red is, I'm out of time. I apologize. I just don't see any connection at all between the evidentiary burden and the construction of the statute, implicit or explicit. None? Like, I mean, none. To continue with that rule of lenity, presumption of innocence, I mean, would we really say that in criminal cases, the rule of lenity has nothing to do with the fact that the burden of proof is also on the government? I mean, it seems to me those are pretty clearly connected to each other. Well, there isn't a single case that I've seen that makes the connection. Okay, let me just try asking the question this way. You agree, right, the default evidentiary burden or evidentiary standard in civil cases is preponderance of the evidence. Yeah. And it is so because that means that, you know, you allocate 50-50 the risk of error between the parties. What would be the justification for departing from that in this case that is consistent with Encino? What would you tell me? What is the reason we should use clear and convincing instead? Because simply because that's the established precedent here. Can you give me, like, understood? Can you give me a justification for that that would be consistent with Encino? Or is your position like, no, you really can't justify this under Encino, but that's okay because you still have your precedent and it wasn't a rule. You can justify it, Your Honor. Okay, I can. And the Supreme Court has said for years that this is a remedial statute. And it's designed, you know, to cover employees, to compensate employees for overtime. It's remedial in nature. It should be construed liberally. But not construed liberally anymore because now Encino says we don't. Right, that's why Encino overruled all of that. Well, just given the regulations of fair reading, I don't think necessarily departs from the principle that the statute is still remedial in nature and construed in that fashion. I mean, it's a fair reading. It's not that the exemptions are given a broad reading. They're just being given an intermediate level fair reading. So let me take a step back. Imagine for the sake of argument that this was the en banc court, not a panel. And I say the Supreme Court has said over and over again that in civil cases, the default burden of proof is preponderance. And, in fact, I think in every time the Supreme Court has encountered this question in the last two decades, they have said it is a preponderance. Every single time someone says clear and convincing, they say, no, it's preponderance. Because for all the reasons Judge Harris said, what would be the reason why this? So the only one of the few I can think of at this point is New York Times versus Sullivan. And we say, well, that's because the First Amendment is really important. And it's exceptionally important to make sure that members of the press reporting on public officials aren't deterred. What would be the why is this different than the ADA, Title VII, 1983, all kinds of other factors? Because workers need to be protected. And the employers are held to a high standard. And workers are often people not of significant means. And it's not unreasonable to require an employer who created the position in the first place to prove it by clear and convincing evidence that the person is exempt. The burden should be on the employer, and it should be substantial. I'm out of time, unless the Court has any questions. Thank you. Thank you, Mr. Garcia. You have a few minutes. Thank you. Your Honor, I just saw exactly what I was saying. There is no basis for maintaining the clear and convincing evidence after Encino. And I will note, the only argument that was posited by counsel was the remedial nature. Again, this question was asked and answered by Encino. So doesn't that sort of leave us, I really do struggle with this, with the question of whether we, I think this comes down to when do we say that something has been kind of implicitly superseded? I'll tell you, Your Honor. His statement was, this is a remedial measure. The Court said, the narrow construction principle relies on the flawed premise that the ethicalist... You guessed at what my question was, but you guessed wrong. That was not my question. My question is, I thought you were going to read me something about what we have said about when we consider our precedent to have been implicitly overruled. I assume for the moment that I agree with you that starting today, I can't come up with a justification for Desmond that is consistent with Encino. Do I need to? In the posture we find ourselves in, do I have to think... So in Payne v. Taslimi, which is also in our brief, Your Honor, the standard is when the Supreme Court decision clearly undermined a panel precedent, there is no deference. So clearly undermined. Again, it has been, in our opinion, entirely undermined by Encino. There is no justification that can remain for keeping the clear and convincing evidence, let alone the fact this would be the only circuit in the country applying the clear and convincing evidence at this stage. As I mentioned, all of them have tracked that direction. Some of them have posited the question and not fully answered it. This would be the only circuit affirmatively saying, no, despite what Encino is saying and overruling all of these years of precedent of narrow construction and all this rationale for making this act tougher on employers, we're still going to apply this heightened standard. I believe that would be... And you think this is a case where we couldn't avoid it because this isn't a case where the district court judge said the standard of review ultimately... The standard of proof ultimately doesn't matter here because I'd reach the same result either way. That's exactly right. It's unavoidable here. In fact, and I know opposing counsel disagrees that we provided no evidence, the district court in a number of situations stated we met the clear and convincing evidence standard for certain aspects of this. And for other aspects of this, it acknowledged that there was a possibility. Now, is possibility 51%? Only Judge Berdara is able to come up with that conclusion. And is possibility plus the fact that in others there was clear and convincing? That's tough for us to decide. So, again, we believe that the clear and convincing standard has been completely undermined by Encino and shouldn't be pursued any further. Again, I want to get back to the willfulness argument. The opposing party tries to completely ignore and apply Richland-Schuh standard at the same time while ignoring it, stating the fact that she knew about this, that's it. Richland-Schuh says the opposite. Just because the person knew the FSA was in the picture is not sufficient. You need more. And even the Chow case, which is repeatedly cited by the employees, in that case the company was told by the Department of Labor that it was a violation, but the court found that was insufficient because they didn't get sold with specific statute and they didn't get told how to fix it. In this case, there's no evidence that EMD affirmatively knew they were operating in the wrong. And, in fact, that goes back to the good faith component that the court solely and unfortunately myopically focused on the actual knowledge of Ms. DeVarie as being dispositive. There is a plethora of case law cited in our brief that in similar situations, courts in other circuits have stated that even if the employer doesn't have specific knowledge, and I'll cite to Rudy v. City of Lowell, when an employer's decision is made above board and justified in public, such as during collective bargaining, the employer is more likely to have acted in good faith because double damages are meant to apply for concealed situations. So this court should provide guidance to the district court to say it was erroneous in finding that it was dispositive on the actual knowledge component. The other factors, collective bargaining, the lack of complaint, reliance on an attorney, silence on this issue, and that if you hire an attorney they're going to comply with the law, all of these are factors that the court should have weighed and not necessarily focus just on the fact that Ms. DeVarie did not have the highest level of knowledge, but the court did acknowledge she had some knowledge, even if it was at a high degree of generality, and even if it stated that some of it was aspirational, she was herself the first salesperson. So for those reasons, Your Honor, we would ask that you reverse the court's judgment on the two issues that we cite and affirm on the one issue on the other side. Thank you all so much for your time. Thank you, Mr. Carson. Mr. Leahy, you have a few minutes. Thank you, Your Honor. So one important thing about the Chao case, and I hope I'm pronouncing that correctly, is the district judge made a finding that the employer did not know about the requirements of FALSA, despite the interactions with the DOL investigators. So that factual finding was binding. And, of course, if the employer had no knowledge of the requirements of FALSA, they couldn't therefore be a willful violation. I agree with that. The opposing counsel has mentioned the collective bargaining agreement. There was a collective bargaining agreement, the most recent one being in 2015. All the testimony at trial was the issue never came up. So the collective bargaining agreement doesn't factor into the good faith analysis, and it doesn't factor into the willfulness. It doesn't factor negatively into the willfulness argument, but I think it factors into it in the sense that this employer had all the means and the ability to figure out that they were violating FALSA and failed to do anything. Never took it up with the union. No testimony that the lawyer who was by her side during trial and during collective bargaining discussed it with her, one way or the other. She gave some amorphous testimony that I had the right to rely on silence, but we don't know whether there was silence or not, because there was no testimony specifically on what those communications were. So the collective bargaining agreement does not support a finding of no good faith, and it does not support a finding of non-willfulness. I will go back for a second to the Encino Motors issue. I don't think my response was very complete about the reasons why the clear and convincing standard should be in place, the rationale for it, and that is that the employer holds all the cards. The employer creates the job. The employer decides not to pay in accordance with FALSA, and the employer should be the one to clearly and affirmatively prove that the employee is exempt. And unless the court has any further questions, I don't have anything further. Thank you, Mr. Malihi. Thank you, Mr. Garcia. The court is going to stand in recess. We'll come down briefly and greet counsel, and we recess until the second of the ceremony of circumcision. This honorable court stands adjourned until this afternoon at 3 p.m. God save the United States and this honorable court.
judges: James Andrew Wynn, Pamela A. Harris, Toby J. Heytens